UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY KAIKKONEN, <br> Plaintiff, <br> v. <br> ALASKA AIR GROUP, et al., <br> Defendants. | Case No. 21-cv-00541-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 13 |

Plaintiff originally filed this personal injury lawsuit in California state court, bringing claims for negligence, fraudulent concealment, and unfair competition law violations arising from Plaintiff's exposure to toxic fumes while working as a flight attendant for Defendant Alaska Airlines. *See* Dkt. No. 1-2 ("Compl."). Defendants removed the case on January 22, 2021 based on diversity jurisdiction, Dkt. No. 1, and then moved to dismiss all of Plaintiffs' claims, Dkt. No. 13. Plaintiff does not oppose dismissal of her first cause of action for negligence under California Civil Code § 1714(a) or her third cause of action for an injunction under California Business and Professions Code § 17200, California's unfair competition law. Dkt. No. 20 ("Opp."). Plaintiff also appears to concede that she failed to adequately allege liability against Defendant Alaska Air Group and requests leave to amend. Opp. at 5. Plaintiff's only remaining cause of action is for fraudulent concealment of her injuries by Defendants in violation of California Labor Code § 3602(b). Compl. ¶¶ 75-81.

Under California law, an employee injured in the course of employment is generally limited to remedies available under California's Workers' Compensation Act. *See Palestini v. Gen. Dynamics Corp.*, 99 Cal. App. 4th 80, 86 (2002). Labor Code § 3602(b) codifies a fraudulent concealment exception to this general rule and allows an employee to bring a civil suit

1  if three necessary conditions are met: "(1) the employer must have concealed 'the existence of the
2  injury'; (2) the employer must have concealed the connection between the injury and the
3  employment; and (3) the injury must have been aggravated following the concealment." *Jensen v.
4  Amgen, Inc.*, 105 Cal. App. 4th 1322, 1325 (2003). Because Plaintiff's claim sounds in fraud, she
5  must meet the heightened pleading standard imposed by Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In
6  alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud
7  or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Plaintiff's claim arises out of a June 30, 2018 incident on a flight from Seattle to Los Angeles when she was allegedly exposed to toxic fumes. Compl. ¶ 25. She alleges that after hearing a hissing sound on the flight, she felt dizzy, disoriented, and short of breath. *Id.* ¶¶ 25, 27. She notified the lead flight attendant, who then notified the pilots. *Id.* ¶ 26. Upon landing, Plaintiff was taken by ambulance to the emergency department of Cedars-Sinai Marina Del Rey Hospital where she was given Tylenol and told to get fresh air. *Id.* ¶ 28. Approximately six hours after the incident, Plaintiff's flight captain called and suggested that she get tested for carbon monoxide exposure. *Id.* ¶ 30. She returned promptly to the hospital, and her carboxyhemoglobin test showed abnormal, slightly elevated levels. *Id.* ¶¶ 32-33.

The gravamen of Plaintiff's claim seems to be that Defendants had constructive knowledge of her injury because the flight's pilots were notified of her symptoms and because Defendants had already experienced, and concealed, a series of toxic fume events. *Id.* ¶¶ 29-30. Defendants then knowingly withheld the information that her injuries were caused by toxic fumes, at least in the six hours between the exposure event and the suggestion from the flight captain to seek carbon monoxide testing. *Id.* ¶¶ 29-35. This delay allegedly aggravated Plaintiff's injuries. *Id.* ¶ 35.

While "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally" under Rule 9(b), Fed. R. Civ. P. 9, a plaintiff must still identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Here, Plaintiff fails to adequately allege who it was that knew of Plaintiff's injury and how that person or entity acted to conceal it, especially given the relatively short time between exposure on

the flight and the suggestion to seek carbon monoxide testing. Plaintiff also fails to adequately allege how Defendants concealed the connection between her injury and her employment. According to the allegations in the complaint, Plaintiff was aware of her symptoms while working on the flight and sought immediate medical attention. Plaintiff also fails to adequately explain why the flight captain's suggestion to seek carbon monoxide testing did not provide her notice that she may have been exposed to toxic fumes during the flight. Finally, it is a required element of Plaintiff's claim that her injury must have been aggravated following Defendant's alleged concealment. Plaintiff's conclusory allegation that Defendant's decision to withhold information delayed her receipt of palliative medical care is insufficient to plead this necessary element. Accordingly, the Court finds that Defendants' motion should be granted. Because it may be possible for Plaintiff to adequately allege her fraudulent concealment cause of action, she may amend her complaint with regard to that cause of action. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (stating that the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). The Court also understands that Plaintiff's complaint was drafted to comply with state, rather than federal, pleading standards, so the Court also will allow Plaintiff to add allegations relevant to the liability of Defendant Alaska Air Group.

In conclusion, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff does not oppose dismissal of her first and third causes of action so those causes of action are **DISMISSED WITH PREJUDICE**. Plaintiff's second cause of action for fraudulent concealment under California Labor Code § 3602(b) is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may not add any new causes of action or defendants to an amended complaint, and any amended complaint must be filed within 21 days from the date of this Order.

The initial case management conference, previously set for May 13, 2021, is **CONTINUED** to May 18, 2021 at 2 p.m. with a joint case management statement due by May 11, 2021. The case management conference will be held telephonically by AT&T Conference Line. The parties are advised that in the event of an audio problem, counsel should be prepared to attend

1 the hearing via Zoom conference at the Court's direction.  The Court circulates the following

2 conference number to allow the equivalent of a public hearing by telephone.  For conference line

3 information, see: https://apps.cand.uscourts.gov/telhrg/.

4 All counsel, members of the public and press please use the following dial-in information

5 below to access the conference line:

Dial In: 888-808-6929

Access Code: 6064255

The Court may be in session with proceedings in progress when you connect to the conference line. Therefore, mute your phone if possible and wait for the Court to address you before speaking on the line.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties are further advised to ensure that the Court can hear and understand them clearly before speaking at length.

PLEASE NOTE: Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. See General Order 58 at Paragraph III.

**IT IS SO ORDERED.**

Dated: 5/4/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge