1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7      ASHLEY KAIKKONEN,                    Case No.  21-cv-00541-HSG

8                Plaintiff,                 **ORDER GRANTING MOTION TO DISMISS**

9           v.                              Re: Dkt. No. 31

10     ALASKA AIRLINES, INC.,

11               Defendant.

12

13          This is a personal injury lawsuit under California state law arising from Plaintiff's

14   exposure to toxic fumes while working as a flight attendant for Defendant Alaska Airlines.  *See*

15   Dkt. No. 30 ("FAC").  Pending before the Court is Defendant's motion to dismiss Plaintiff's first

16   amended complaint.  Dkt. No. 31 ("Mot.").  The Court previously granted Defendant's motion to

17   dismiss Plaintiff's initial complaint but gave Plaintiff leave to amend her fraudulent concealment

18   claim.  *See* Dkt. No. 27 ("Order").  The Court held a hearing on the current motion to dismiss on

19   August 12, 2021.  Dkt. No. 36.  For the following reasons, the Court **GRANTS** the motion to

20   dismiss **WITHOUT LEAVE TO AMEND**.

21          As discussed in the prior order, under California law, an employee injured in the course of

22   employment is generally limited to remedies available under California's Workers' Compensation

23   Act.  *See Palestini v. Gen. Dynamics Corp.*, 99 Cal. App. 4th 80, 86 (Cal. Ct. App. 2002); Order at

24   1-2.  But Plaintiff brings her current claim under California Labor Code § 3602(b)(2), which

25   codifies a fraudulent concealment exception to the general rule and allows an employee to bring a

26   civil suit if three conditions are met: "(1) the employer must have concealed 'the existence of the

27   injury'; (2) the employer must have concealed the connection between the injury and the

28   employment; and (3) the injury must have been aggravated following the concealment."  *Jensen v.*

United States District Court
Northern District of California

*Amgen, Inc.*, 105 Cal. App. 4th 1322, 1325 (Cal. Ct. App. 2003).  Because Plaintiff's claim sounds in fraud, she must meet the heightened pleading standard imposed by Federal Rule of Civil Procedure Rule 9(b).   *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  While "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally" under Rule 9(b), a plaintiff must still identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

The Court previously found that Plaintiff failed to adequately allege (1) who it was that knew of Plaintiff's injury and how that person or entity acted to conceal it; (2) how Defendant concealed the connection between her injury and her employment; (3) why the flight captain's suggestion to seek carbon monoxide testing did not provide her notice that she may have been exposed to toxic fumes during the flight; and (4) how her injury was aggravated following Defendant's alleged concealment.  Order at 1-2.

In the FAC, Plaintiff alleges that Defendant had experienced a series of toxic fume events in the months leading up to Plaintiff's injury and had actively concealed relevant information about these fume events from crew members.  FAC ¶¶ 13-15.  Regarding her specific incident, Plaintiff alleges a notification process that involved the lead flight attendant, flight deck, inflight supervisor, Defendant's systems operation control, and Defendant's Everbridge alert system, such that information about her incident would eventually have been communicated to individuals within Defendant's organization.  FAC ¶¶ 20-22, 27-28.  Plaintiff also alleges that after the initial Everbridge alert, which described the incident as an air pressure event, a second Everbridge alert was issued that updated the notification type from an air pressure notification to an air quality notification, which includes fume events.  *Id.* ¶¶ 22, 27.  Plaintiff alleges that this second Everbridge alert would then have reached a broader group of Defendant's personnel.  *Id.* ¶ 27.  Plaintiff goes on to allege that because she and the medical personnel treating her were unaware of the possibility of toxic fume exposure, she did not receive the same testing and treatment she

1   would have received if Defendant had disclosed sooner the possible connection between her

2   symptoms and toxic fume exposure.  *Id.* ¶¶ 15, 30-34.  She further alleges that this delay in proper

3   testing and treatment aggravated her injuries.  *Id.* ¶¶ 44-47.

4           Defendant argues that Plaintiff's claim should be dismissed because she does not allege

5   actual knowledge by Defendant of her injury.  Mot. at 6.  Under California law, "[a]n employer's

6   actual knowledge of the existence of an employee's injury connected with the employment is a

7   necessary prerequisite to establishing a claim against the employer for fraudulent concealment

8   under section 3602, subdivision (b)(2)."  *See Ashdown v. Ameron Internat. Corp.*, 83 Cal. App. 4th

9   868, 880 (Cal. Ct. App. 2000).  Defendant is correct that Plaintiff does not allege actual

10  knowledge by Defendant of the existence of her injury.  Rather, she alleges "actual knowledge of

11  [the] material risk" that Plaintiff was injured by toxic fumes.  FAC ¶ 41.

12          Plaintiff sole authority to support the position that actual knowledge of a material risk, as

13  opposed to actual knowledge of injury, is sufficient to plead a § 3602(b)(2) claim is the federal

14  district court's order in *Tuuholoaki v. Bayer AG*, No. 2:20-CV-05391-SVW-AS, 2020 WL

15  6826474 (C.D. Cal. Sept. 15, 2020).  However, *Tuuholoaki* is of limited persuasive value.  As

16  Plaintiff acknowledges, the district court was considering whether to find fraudulent joinder, rather

17  than whether to grant a 12(b)(6) motion.  *Id.*; Dkt. No. 32 ("Opp.") at 15.  But the standards for

18  fraudulent joinder and dismissal under 12(b)(6) are not equivalent.  *See Tuuholoaki*, 2020 WL

19  6826474, at *2 (explaining that "[i]n the Ninth Circuit, a defendant is not fraudulently joined 'if

20  there is *any possibility* that the state law might impose liability on a resident defendant under the

21  circumstances alleged in the complaint.").  The district court in *Tuuholoaki* explicitly made this

22  distinction clear: "it is important to note that 'the test for fraudulent joinder and for failure to state

23  a claim under Rule 12(b)(6) are not equivalent."  *Id.*  "A claim against a defendant may fail under

24  Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  *Id.*  Given the

25  procedural posture of *Tuuholoaki* and the clear California case law that "[a]n employer's actual

26  knowledge of the existence of an employee's injury connected with the employment is a necessary

27  prerequisite," *Ashdown*, 83 Cal. App. 4th at 880, the Court finds that it is necessary for Plaintiff to

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

allege actual knowledge of injury to survive Defendant's motion to dismiss.[1]  She has not done so.

At the August 12, 2021, the Court asked Plaintiff's counsel if Plaintiff would be able to allege actual knowledge of injury if given a further opportunity to amend.  Plaintiff's counsel was unable to confirm that Plaintiff would be able to allege Defendant's actual knowledge of Plaintiff's toxic fume injury.  Accordingly, the Court finds that further amendment would be futile.

Because Plaintiff is unable to allege a necessary element of her fraudulent concealment claim, the Court **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   August 16, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court also notes that the plaintiffs in *Tuuholoaki* were able to allege that the defendant had knowledge of the decedent's cancer.  2020 WL 6826474, at *4.

4